IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| RALPH L. HAYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| LYNCHBURG CITY SCHOOL BOARD ) | |
| as constituted by, MARY ANN H. ) | |
| BARKER, DR. REGINA T. DOLAN- ) | |
| SEWELL, CHARLIE WHITE, JENNY ) | |
| POORE, J. MARIE WALKER, THOMAS ) | |
| H. WEBB, ALBERT BILLINGSLY, ) | |
| KATIE SNYDOR, and TRENEY ) | |
| TWEEDY, Members of the School Board, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW the above-named Plaintiff RALPH L. HAYES (hereinafter "Plaintiff"), by counsel, and for complaint against the above-named Defendant LYNCHBURG CITY SCHOOL BOARD (hereinafter "Defendant"), alleges and avers as follows:

1. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 *U.S.C.* § 2000e *et seq.*, and 42 *U.S.C.* § 1981 to remedy acts of employment discrimination and retaliation perpetrated against him by Defendant. Plaintiff contends that the Defendant discriminated against him by eliminating his position and refusing to offer him alternate employment on account of his race (African American). Plaintiff further asserts that Defendant's termination of him constituted unlawful retaliation against him for having complained about being racially discriminated against as to the terms and conditions of his employment.

## Jurisdiction, Venue and Administrative Requirements

2.  This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e – 16.

3.  Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f) as Plaintiff was employed by the Defendant in Lynchburg, Virginia, at the time of the discriminatory and retaliatory actions, Plaintiff's employment records are maintained by the Defendant in this judicial district, and decisions adverse to Plaintiff's employment were made in this judicial district.

4.  Plaintiff timely filed charges with the Equal Employment Opportunity Commission ("EEOC") on July 12, 2012 and timely filed this Complaint within 90 days of receipt of their Right to Sue Letter.

## Parties

5.  Plaintiff, an African American male, is a citizen of the United States and a resident of the Commonwealth of Virginia. At all times relevant to this suit, Plaintiff was employed by the Defendant, in Lynchburg, Virginia.

6.  MARY ANN H. BARKER, DR. REGINA T. DOLAN-SEWELL, CHARLIE WHITE, JENNY POORE, J. MARIE WALKER, THOMAS H. WEBB, ALBERT BILLINGSLY, KATIE SNYDOR, and TRENEY TWEEDY are the duly appointed or elected members of Defendant and constitute the Defendant school board in accordance with section 22.1-71 of the Code of Virginia.

7.  Pursuant to section 22.1-71 of the Code of Virginia, Defendant is a school board vested with all of the duties, obligations and responsibilities imposed on school boards under Virginia law, including the right to sue, be sued, contract, and be contracted with.

## Statement of Facts

8. Defendant operates the Lynchburg City School system.

9. At all times relevant hereto, Defendant was the employer of Plaintiff.

10. Plaintiff commenced his employment with Defendant on or about May, 1999, as a Field Coordinator in Defendant's Maintenance Department.

11. On or about 2003, Defendant was promoted to Supervisor of Environmental Services in the Maintenance Department.

12. From the beginning of his employment with Defendant, Plaintiff was an exemplary employee who was consistently recognized as having met or exceeded the standards of performance for his position.

13. Defendant's annual performance appraisals, or employee evaluations of Plaintiff during his employment by Defendant, which were maintained as part of Plaintiff's official personnel file, include the following:

   a. Plaintiff's performance evaluation for school year 1999/2000 showed that he met or exceeded all performance standard for which there was a basis for judgment and contained the following remarks:

   > Mr. Hayes is a valuable member of the maintenance team.
   > He has assembled and organized a very effective
   > warehouse crew. His efforts with custodial employees are
   > also exemplary. A true and correct copy of said evaluation
   > is attached as Exhibit "A".

   b. Plaintiff's performance evaluation for school year 2000/2001 showed that he again had met or exceeded all performance standard for which there was a basis for judgment and contained the following remarks:

>   Mr. Hayes has done an excellent job as Field Coordinator for Environmental services during the 2000 – 2001 school year.
>
>   Mr. Hayes took an active role in personnel related matters of the custodial function. He found substitutes and replacement workers in spite of a shrinking pool of qualified applicants.
>
>   Mr. Hayes took a leadership role in the area of indoor quality when the Division faced both genuine and perceived indoor air quality issues. He continues addressing this problem through staff training and building inspection. He has also sought to eliminate indoor air problems by replacing soiled carpet and finishes that are easier to maintain: vinyl tile and wood flooring. Mr. Hayes also coordinated the removal of asbestos on these projects.
>
>   Mr. Hayes has facilitated the construction programs at Linkhorne Middle School and Sheffield Elementary School. Mr. Hayes worked with principals to coordinate the storage and relocation of school furniture and supplies before, during and after construction.
>
>   In summary, Mr. Hayes provided the Division with exemplary service during 2000 – 2001. A true and correct copy of said evaluation is attached as Exhibit "B".

c. Plaintiff's performance evaluation for school year 2002/2003 contained the following remarks:

>   Mr. Hayes continued to do an excellent job as Field Coordinator for Environmental Services during the 2002 – 2003 school year.
>
>   Mr. Hayes continues to grow in his position. He makes effective use of written communication and keeps those with a need to know informed of all important activities and developments. He is careful to document his observations as well as his expenditures.
>
>   . . . His work is complete, financially advantageous to the school division, and well documented. . . .

> Mr. Hayes has devoted a large portion of his time to personnel-related issues. He is often called upon to assist the Department of Personnel Services as they attempt to resolve disputes between custodians and principals. . . .
>
> . . . .
>
> . . . He has responded promptly and courteously to all IAQ complaints while reacting quickly and positively to situations that present genuine health and safety concerns. His prompt and clever approach to a water problem at one of the schools staved off numerous complaints.
>
> Mr. Hayes continued to play a positive role in the introduction of the purchasing card system to the LCS Maintenance Department. The initial stages of this program are now behind us as the program is now fully implemented.
>
> In summation, Mr. Hayes' service to the school division was exemplary during the 2002 – 2003 school year.

d. Plaintiff's performance evaluation for school year 2003/2004 showed that he had met or exceeded all performance standard for which there was a basis for judgment and contained the following remarks:

> Mr. Hayes continues to grow and produce in his new position. This year he has demonstrated increased activity and improvement in the areas associated with hazardous materials, especially mold & mildew, floor care & replacement, as well as many facets of the personnel function. He is actively involved in the coordination of personnel resources for the rental facilities program. He has also been very skillful in the allocation of warehouse space in the face of huge demands from the E. C. Glass renovation, textbook adoption and computer technology. His "can do" attitude and approach are great assets to the department.

e. Plaintiff's performance evaluation for school year 2004/2005 showed that he had met or exceeded all performance standard for which there was a basis for judgment and contained the following remarks:

> Mr. Hayes continues to do an excellent job especially in the areas of assignment of substitute custodians, hazardous materials, asbestos management, and fire safety. He was also instrumental in the replacement of the central food service freezer and text book organization. He is undaunted by difficult tasks.

f. Plaintiff's performance evaluation for school year 2005/2006 again showed that he had met or exceeded all performance standard for which there was a basis for judgment and contained the following remarks:

> Mr. Hayes expends a tremendous amount of energy to ensure that LCS has a full compliment of custodians and supplies. His days are long and the challenges are great yet he always manages to get the job done. Our schools look great and are indicative of his hard work.

> Among Mr. Hayes' more notable accomplishments this year were: prompt clean-up and testing following water leaks at SMS & ECG, a highly successful employee traning session, frequent asbestos testing & removal at ECG, adherence to guidelines regarding the disposal of surplus property and the delivery of materials and supplies.

g. Plaintiff's performance evaluation for school year 2007/2008 showed that he had met or exceeded all performance standard for which there was a basis for judgment and contained the following remarks:

> Mr. Hayes demonstrated superior performance, particularly in the areas of custodial training, product selection, purchasing and environmental concerns. He can be relied upon to see a task through from conception to completion. His documentation and record keeping procedures are exemplary.

> Mr. Hayes provided superior service and leadership in all of his areas of responsibility. He successfully addressed several issues involving indoor air quality this year; the most prominent being those at Bedford Hills Elem, Sandusky MS, and EC Glass HS. He still needs an assistant to assist with evening building observation.

    h. Plaintiff's performance evaluation for school year 2008/2009 showed that he continued to meet or exceed all performance standard for which there was a basis for judgment and contained the following remarks:

> Mr. Hayes continues to perform on a high level. He can be trusted to see tasks through to the end. He has performed in a leadership role by enlisting the aid of custodians, maintenance staff and transportation mechanics in battles against MRSA, mold and other contagions.
>
> Mr. Hayes continues to be a strong performer. Our schools look better than any in our area due to his abilities and willingness to monitor employee performance.

14. Notwithstanding Plaintiff's exemplary performance, he was unlawfully discriminated against based upon his race by being passed over for promotion and raises, although other similarly situated Caucasians were not.

15. In 2007, Plaintiff applied for the position of Assistant Director of Facilities for Lynchburg City Schools. Don Floyd, a Caucasian male, who had less experience, was less qualified, and not a Lynchburg City Schools employee, was hired over Plaintiff for the position.

16. In 2009, Seven L. Gatzke, a Caucasian male, who had less experience and was less qualified than Plaintiff was promoted to the position of Director of Maintenance for Lynchburg City Schools. Plaintiff was not even afforded notice or an opportunity to apply for or compete for the position.

17. Upon his promotion, Mr. Gatzke became Plaintiff's supervisor.

18. On several occasions, Plaintiff complained to Defendant about being subjected unlawful racial discrimination in his employment. On those occasions, and more recently, in August, 2011, when he met with Mr. Gatzke, Plaintiff complained that he was being discriminated against on the basis of his race (African American) with respect to the terms and

conditions of his employment, including: a) his salary and wages being less than other similarly situated Caucasian employees of Defendant, and that his compensation was substantially the same as other Caucasian employees in the same department who had positions with less responsibility and/or less seniority; b) being passed over for promotions when other less qualified Caucasians were selected; and, c) that Defendant selected Mr. Gatzke as Director of Maintenance without notice or the opportunity for Plaintiff to apply for the position, even though Plaintiff had more experience and was better qualified for the position.

19. By letter dated May 11, 2012, Defendant informed Plaintiff that his position was being terminated in accordance with "School Board Policy 5-53.7 Reduction in Force: Classified Staff Procedures." In this same letter, Defendant further advised Plaintiff that he would not be eligible for recall.

20. Prior to May 11, 2012, Plaintiff was given no notice by Defendant that it intended to terminate his employment, eliminate his position, or fail to renew his contract for the next school year and therefore his employment would end on June 30, 2012.

21. Pursuant to Defendant's "Reduction in Force: Classified Staff Procedures P 5-53.7" Defendant was required to give Plaintiff not less than 60 days' notice of the elimination of his position.

22. Although, according to the May 11, 2012 letter described above, the decision to eliminate Plaintiff's position and terminate him from employment was made by Defendant on March 22, 2012, Defendant failed to notify Plaintiff of this decision for nearly two months, until finally advising him of its decision on May 11, 2012.

23. Defendant failed to provide Plaintiff with at least 60 days' notice as required under its own procedures.

24. Pursuant to Defendant's "Reduction in Force: Classified Staff Procedures P 5-53.7" Defendant was required to:

    a. Consider the performance, level of training and experience of the personnel involved in serving a common function or functions within a department or school;

    b. In doing so, Defendant was required to create a list ranking personnel in such group in order of seniority; and.

    c. Defendant was to further consider performance and discipline of each such employee and rank order same.

25. Had Defendant complied with its own procedures Plaintiff and his position would not have been eliminated.

26. Pursuant to Defendant's "Reduction in Force: Classified Staff Procedures P 5-53.7" Defendant was required to meet with Plaintiff to determine his skills, experience, education, training and interests in order to identify other positions in the school division for which he might qualify.

27. Defendant breached its own procedures by failing to meet with Plaintiff as described more fully in the preceding paragraph.

28. Pursuant to Defendant's "Reduction in Force: Classified Staff Procedures P 5-53.7" Defendant was required to make "every reasonable effort . . . to place an affected employee (such as Plaintiff) in a vacant position for which he/she may qualify."

29. Defendant breached its own procedures by failing to make every reasonable effort to place Plaintiff in a vacant position as described more fully in the preceding paragraph.

30. Pursuant to Defendant's "Reduction in Force: Classified Staff Procedures P 5-53.7" Plaintiff's name was required to be placed on a recall list for the entirety of the next school year.

31. Defendant breached its own procedures and requirements by failing to put Plaintiff on a recall list as described more fully in the preceding paragraph.

32. In addition to the elimination of Plaintiff's position and the termination of his employment at the end of school year 2011/2012, Defendant eliminated the positions and terminated the employment of four other employees in the same department (Operations and Maintenance), which was under Mr. Gatzke's supervision at the same time. Each of those four employees was an African American. All of the employees whose positions were eliminated and whose employment was terminated by Defendant from its Operations and Maintenance Department at the end of the 2011/2012 school year were African Americans.

## Count One

### (Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*)

33. The foregoing paragraphs are realleged and incorporated by reference.

34. The Defendant's conduct as alleged more fully above constitutes discrimination in violation of Title VII. The stated reasons for Defendant's conduct were not the true reasons, but instead were pretext to hide Defendant's discriminatory motive.

## Count Two

### (Retaliation for Engaging in Protected Activities)

35. The foregoing paragraphs are realleged and incorporated by reference.

36.  The Defendant's conduct as alleged above constitutes retaliation against Plaintiff because he engaged in activities protected by Title VII. The stated reasons for Defendant's conduct were not true reasons, but instead were pretext to hide Defendant's discriminatory motive.

### Prayer for Relief

WHEREFORE, the Plaintiff requests that the Court award him:

(a) Reinstatement of sick leave, retirement benefits and other emoluments of employment, back pay and front pay and such other pecuniary damages as Plaintiff is entitled to under law.

(b) The sum of $625,000 in compensatory damages suffered because of the discrimination and retaliation.

(c) Costs and reasonable attorney's fees incurred with interest thereon; and

(d) Other damages and further relief as deemed just.

### Jury Demand

The Plaintiff demands trial by jury of all issues so triable.

Respectfully Submitted,

RALPH L. HAYES

By Counsel

_____
JOHN B SIMPSON, VSB #38759
MartinWren, P.C.
1228 Cedars Court
Charlottesville, Virginia 22903
(434) 817-3100 (phone)
(434) 817-3110 (fax)

*Counsel for Plaintiff RALPH L. HAYES*

\\sbs2k8\clients\(2012) clients\12-795 Hayes, Ralph\Pleadings\Hayes Complaint 2.docx