IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| RALPH L. HAYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| LYNCHBURG CITY SCHOOL ) | |
| BOARD, as constituted by, MARY ) | |
| ANN H. BARKER, DR. REGINA T. ) | |
| DOLAN-SEWELL, CHARLIE ) | |
| WHITE, JENNY POORE, J. MARIE ) | |
| WALKER, THOMAS H. WEBB, ) | |
| ALBERT BILLINGSLY, KATIE ) | |
| SNYDOR, and TRENEY TWEEDY, ) | |
| Members of the School Board, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ANSWER

COMES NOW Defendant Lynchburg City School Board, as constituted by Mary Ann H. Barker, Dr. Regina T. Dolan-Sewell, Charlie White, Jenny Poore, J. Marie Walker, Thomas H. Webb, Albert Billingsly, Katie Snydor, and Treney Tweedy, Members of the School Board ("School Board"), by counsel, and answers the Complaint as follows:

1. That School Board admits that Plaintiff's action alleges violations of Title VII of the Civil Rights Act of 1964, as amended, and seeks remedies pursuant to same. That School Board denies all allegations in paragraph 1 of Plaintiff's Complaint, and specifically denies violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. and 42 U.S.C. § 1981.



FRITH
ANDERSON
& PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

2. That the allegation contained in paragraph 2 of Plaintiff's Complaint is a legal conclusion to which a response is not required. To the extent a response is required, the allegation is admitted.

3. That School Board admits that Plaintiff was an employee at all times relevant to the allegations in the Complaint; that Plaintiff's employment records are maintained by School Board in this judicial district; and that employment decisions affecting Plaintiff were made in this judicial district. School Board denies that any discriminatory and/or retaliatory actions were ever taken. With regard to allegations concerning proper venue, School Board states that such allegations are legal conclusions to which a response is not required. To the extent a response concerning proper venue is otherwise required, however, the allegation is admitted.

4. That School Board is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint with respect to whether Plaintiff's charges with the EEOC were timely filed. To the extent a response is otherwise required, these allegations are denied.

5. That School Board admits that Plaintiff is an African-American male who was an employee in Lynchburg, Virginia at all times relevant to the allegations in the Complaint. Upon information and belief, School Board admits that Plaintiff is a citizen of the United States and a resident of the Commonwealth of Virginia.

6. That School Board admits the allegations contained in paragraph 6 of the Complaint.

7. That School Board admits the allegations contained in paragraph 7 of the Complaint.

Frith Anderson & Peake pc
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

8. That School Board admits the allegations contained in paragraph 8 of the Complaint.

9. That School Board admits the allegations contained in paragraph 9 of the Complaint.

10. That School Board admits the allegations contained in paragraph 10 of the Complaint.

11. That School Board admits the allegations contained in paragraph 11 of the Complaint.

12. That School Board denies the allegations contained in paragraph 12 of the Complaint.

13. That School Board admits that excerpts of Plaintiff's annual performance appraisals, or employee evaluations, during his employment with School Board, which were maintained as part of Plaintiff's official personnel file, are set forth in the following subparts:

    a. That School Board denies Plaintiff's characterization of the entirety of Plaintiff's 1999-2000 performance evaluation based upon the selected excerpt. School Board admits that the selected excerpt appears to be an accurate recitation of a portion of Plaintiff's 1999-2000 performance evaluation.

    b. That School Board denies Plaintiff's characterization of the entirety of Plaintiff's 2000-2001 performance evaluation based upon the selected excerpt. School Board admits that the selected excerpt appears to be an accurate recitation of a portion of Plaintiff's 2000-2001 performance evaluation.

    c. That School Board denies Plaintiff's characterization of the entirety of Plaintiff's 2002-2003 performance evaluation based upon the selected excerpt. School Board


FRITH
ANDERSON
& PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

admits that the selected excerpt appears to be an accurate recitation of a portion of Plaintiff's 2002-2003 performance evaluation.

    d. That School Board denies Plaintiff's characterization of the entirety of Plaintiff's 2003-2004 performance evaluation based upon the selected excerpt. School Board admits that the selected excerpt appears to be an accurate recitation of a portion of Plaintiff's 2003-2004 performance evaluation.

    e. That School Board denies Plaintiff's characterization of the entirety of Plaintiff's 2004-2005 performance evaluation based upon the selected excerpt. School Board admits that the selected excerpt appears to be an accurate recitation of a portion of Plaintiff's 2004-2005 performance evaluation.

    f. That School Board denies Plaintiff's characterization of the entirety of Plaintiff's 2005-2006 performance evaluation based upon the selected excerpt. School Board admits that the selected excerpt appears to be an accurate recitation of a portion of Plaintiff's 2005-2006 performance evaluation.

    g. That School Board denies Plaintiff's characterization of the entirety of Plaintiff's 2007-2008 performance evaluation based upon the selected excerpt. School Board admits that the selected excerpt appears to be an accurate recitation of a portion of Plaintiff's 2007-2008 performance evaluation.

    h. That School Board denies Plaintiff's characterization of the entirety of Plaintiff's 2008-2009 performance evaluation based upon the selected excerpt. School Board admits that the selected excerpt appears to be an accurate recitation of a portion of Plaintiff's 2008-2009 performance evaluation.

FRITH
ANDERSON
& PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

{3093/1476/JAC/00217832.DOC }   4

14. That School Board denies the allegations contained in paragraph 14 of the Complaint and calls for strict proof of these allegations.

15. That School Board denies the allegations contained in paragraph 15 of the Complaint in that the allegations are not accurate, but School Board admits that in 2007, Plaintiff applied for the position of Assistant Director of Facilities for Grounds Maintenance for Lynchburg City Schools, and that Don Floyd, a Caucasian male who was not a Lynchburg City Schools employee at that time, was hired for the position. School Board denies the allegations that Don Floyd "had less experience" and "was less qualified" for the position than Plaintiff.

16. That with regard to the allegations contained in paragraph 16 of the Complaint, School Board admits that in 2009, Steven L. Gatzke[1], a Caucasian male, was promoted to the position of Director of Maintenance for Lynchburg City Schools when the two assistant directors positions were consolidated into one position, with one of the assistant directors becoming the Director of Maintenance for the Lynchburg City Schools. School Board denies the allegations that Steven L. Gatzke "had less experience and was less qualified" than Plaintiff for the position which was not posted inasmuch as it was the result of a job position being eliminated.

17. That School Board admits the allegations contained in paragraph 17 of the Complaint.

18. That with regard to the allegations contained in paragraph 18 of the Complaint, School Board admits that during the summer of 2000 the Plaintiff made an allegation that his Constitutional Rights, specifically of freedom of association, freedom of speech, the right to be free of unreasonable searches and seizures, and due process were in some way violated in connection with a reprimand regarding the use of an employer-provided cellular phone;


Frith
Anderson
& Peake pc
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

however, it was determined and agreed to by the Plaintiff during a meeting on or about October 30, 2000 that there had been no violation of any protected Constitutional Right. With respect to the allegation of complaints of unlawful racial discrimination in his employment, those allegations are denied. With respect to any meeting alleged to have occurred in August of 2011, while Mr. Gatzke would from time to time meet with the Plaintiff in furtherance of their job duties, it is denied that Plaintiff made any complaint that he was being discriminated against on the basis of his race, and School Board denies the remaining allegations in paragraph 18, including any and all subparts, and calls for strict proof of these allegations. With respect to subparagraph 18(c) of the Complaint, while School Board acknowledges that the position of Director of Maintenance was not posted, School Board denies the allegation that Plaintiff had more experience and was better qualified for the position.

19. That with respect to the allegations contained in paragraph 19 of the Complaint, School Board admits that Plaintiff received a letter dated May 11, 2012 that erroneously referenced "School Board Policy 5-53.7 – Reduction in Force: Classified Staff Procedures" when the policy that was applicable to Plaintiff's position as a Supervisor was "Reduction in Force: Licensed Staff Procedures P 5-18." Policy P 5-18 applies to employees, such as Plaintiff, paid on the administrative/classified pay scale, and in accordance with Plaintiff's contract. School Board admits that Plaintiff was provided notice within two weeks of the approved 2011-2012 budget pursuant to Virginia Code §§22.1-304 and 22.1-305.

20. That School Board admits the allegations contained in paragraph 20 of the Complaint, and further admits that Plaintiff was provided notice within two weeks of the approved 2011-2012 budget pursuant to Virginia Code §§22.1-304 and 22.1-305.

FRITH ANDERSON & PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

---

[1] In Plaintiff's Complaint Gatzke's first name is erroneously listed as "Seven."

Case 6:13-cv-00008-NKM-RSB   Document 6   Filed 02/19/13   Page 7 of 13   Pageid#: 26

21. That with respect to the allegations of paragraph 21 of the Complaint, School Board admits that under the School Board's Reduction in Force: Classified Staff Procedures P 5-53.7, classified staff were required to be given "no less than 60" days' notice of elimination of their position; however, because Plaintiff was not a member of the classified staff, School Board was not required to give him "no less than 60" days' notice of the elimination of his position, but rather was required to provide notice of the elimination of his position within two weeks of the approved 2011-2012 budget pursuant to Virginia Code §§22.1-304 and 22.1-305, and further admits that Plaintiff was properly provided notice within two weeks of the approved 2011-2012 budget pursuant to Virginia Code §§22.1-304 and 22.1-305.

22. That with respect to the allegations of Paragraph 22 of the Complaint, it is admitted that School Board elected to take personnel actions to implement the Reduction in Force on March 22, 2012; however, it is denied that the decision to eliminate Plaintiff's position and terminate him from employment was made by School Board on March 22, 2012. School Board also denies that it failed to notify Plaintiff of the decision to eliminate his position for two months. School Board calls for strict proof of these allegations.

23. School Board denies the allegations contained in paragraph 23 of the Complaint, inasmuch as School Board was not required to provide "Plaintiff with at least 60 days' notice as required" under the policy applicable to Plaintiff's position, Reduction in Force: Licensed Staff Procedures P 5-18, and further admits that Plaintiff was properly provided notice within two weeks of the approved 2011-2012 budget pursuant to Virginia Code §§22.1-304 and 22.1-305.

24. That with respect to the allegations of Paragraph 24, including all subparts, School Board admits that it was required to take such actions with respect to classified staff but

FRITH
ANDERSON
& PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

denies that such actions were required to be taken for Plaintiff due to his status as a Supervisor subject to the administrative pay scale.

25. That School Board denies the allegations contained in paragraph 25 of the Complaint. School Board specifically denies the implication that it did not comply with its own procedures.

26. That School Board denies the allegations contained in paragraph 26 of the Complaint. Notwithstanding the foregoing, School Board admits that pursuant to Policy P 5-18, it is required to conference with the employee to discuss the reduction, with which School Board contends it complied.

27. That School Board denies the allegations contained in paragraph 27 of the Complaint.

28. That School Board denies that "Reduction in Force: Classified Staff Procedures P 5-53.7" is applicable to the Plaintiff. School Board specifically denies the implication that it was required to place Plaintiff in a vacant position as described in paragraph 28 of the Complaint.

29. That School Board denies the allegations contained in paragraph 29 of the Complaint and calls for strict proof of these allegations.

30. That School Board denies that "Reduction in Force: Classified Staff Procedures P 5-53.7" is applicable to the Plaintiff. School Board denies any and all remaining allegations of paragraph 30 of the Complaint.

31. That School Board denies the allegations contained in paragraph 31 of the Complaint and calls for strict proof of these allegations.

Frith
Anderson
& Peake pc
ATTORNEYS AT LAW
ROANOKE, VIRGINIA



32. That School Board denies the allegations contained in paragraph 32 of the Complaint and calls for strict proof of these allegations.

33. That with respect to the allegations contained in paragraph 33 of the Complaint, School Board readopts and incorporates by reference its previous responses to paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34. That the allegations contained in paragraph 34 of the Complaint are denied.

35. That with respect to the allegations contained in paragraph 35 of the Complaint, School Board readopts and incorporates by reference its previous responses to paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36. That the allegations contained in paragraph 36 of the Complaint are denied.

37. That School Board has no specific knowledge of Plaintiff's alleged injuries and damages and therefore denies the same and calls upon Plaintiff for strict proof of each and every item of alleged injury and damage.

38. That School Board reserves the right to rely upon, and to request leave to amend this Answer as may be necessary to assert, all affirmative defenses available from pretrial discovery or trial.

50. That all allegations in the Plaintiff's Complaint not expressly admitted herein are denied.

51. That a trial by jury is demanded.

### AFFIRMATIVE DEFENSES

That School Board asserts the following affirmative defenses and reserves the right to rely upon, and to request leave to amend this Answer as may be necessary to assert, other affirmative defenses available from pretrial discovery or trial:

### First Affirmative Defense

That Count One of Plaintiff's Complaint, for (Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.), is barred by the applicable statute of limitations.

### Second Affirmative Defense

That some or all of Plaintiff's claims should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

### Third Affirmative Defense

That Plaintiff's claims should be dismissed, in whole or in part, because he has failed to meet the jurisdictional or administrative or other prerequisites or conditions precedent for maintaining all or part of this action, including, but not limited to, his duty to conciliate or exhaust available administrative or internal remedies.

### Fourth Affirmative Defense

That Plaintiff, by his actions or otherwise, failed to comply with School Board's internal policies for addressing complaints, including a policy barring discrimination in the workplace and setting forth a procedure for addressing such complaints, and, accordingly, Plaintiff is estopped, otherwise has waived, or is precluded from asserting his claims for damages or other relief.

### Fifth Affirmative Defense

That all actions taken with regard to Plaintiff were taken in good faith, for reasonable and legitimate business reasons, and were based on non-discriminatory and non-retaliatory factors wholly unrelated to Plaintiff's race.

FRITH ANDERSON & PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

*Sixth Affirmative Defense*

That some or all of Plaintiff's claims are barred, in whole or in party, by the doctrines of governmental immunity, unclean hands, laches, fraud, and/or waiver.

*Seventh Affirmative Defense*

That School Board did not act with willfulness or malice towards Plaintiff or with reckless disregard of the protected rights of Plaintiff.

*Eighth Affirmative Defense*

That some or all of Plaintiff's claims should be dismissed, in whole or in part, because School Board has taken and continues to take available means to ensure that its employees are not subjected to unlawful discrimination, harassment, relational or other unlawful conduct. Moreover, School Board exercised reasonable care to prevent and correct promptly any allegedly inappropriate behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by School Board or to avoid harm otherwise.

*Ninth Affirmative Defense*

Some or all of Plaintiff's claims should be dismissed, in whole or in part, because there is no causal connection between the events alleged in Plaintiff's Complaint and any damages allegedly suffered.

WHEREFORE, School Board respectfully requests that the Court enter an order dismissing this Complaint in its entirety and to award defendant its attorney's fees and costs for defending this suit and such other relief as the Court may deem appropriate.



FRITH
ANDERSON
& PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

LYNCHBURG CITY SCHOOL BOARD


/s/ John C. Johnson
Phillip V. Anderson
Virginia State Bar No.: 23758
John C. Johnson
Virginia State Bar No.: 33133
Counsel for Lynchburg City School Board
FRITH ANDERSON & PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax: 540/772-9167
Email: panderson@faplawfirm.com
Email: jjohnson@faplawfirm.com

FRITH
ANDERSON
& PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

{3093/1476/JAC/00217832.DOC }　　　12

## CERTIFICATE OF SERVICE

I certify that on the 19th day of February 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and mailed a true copy of the same by United States Postal Service to the following non-CM/ECF participants:

John B. Simpson, Esq.
MartinWren, P.C.
1228 Cedars Court
Charlottesville, Virginia 22903
Phone: 434/817-3100
Fax: 434/817-3110

/s/ John C. Johnson
Phillip V. Anderson
Virginia State Bar No.: 23758
John C. Johnson
Virginia State Bar No.: 33133
Counsel for Lynchburg City School Board
FRITH ANDERSON & PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax: 540/772-9167
Email: panderson@faplawfirm.com
Email: jjohnson@faplawfirm.com

FRITH
ANDERSON
& PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

{3093/1476/JAC/00217832.DOC}   13