IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| **RALPH L. HAYES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No.: 6:13-CV-8 |
| | ) | |
| v. | ) | |
| | ) | |
| **LYNCHBURG CITY SCHOOL BOARD,** | ) | By: Hon. Robert S. Ballou |
| | ) | United States Magistrate Judge |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

This matter is before the court on the motion by John Simpson, counsel for plaintiff, to withdraw as counsel of record in this case. Dkt. No. 12.  Having carefully reviewed the motion and responses and heard argument of counsel and plaintiff, I find that good cause exists for Mr. Simpson's request, and thus, the Motion to Withdraw is **GRANTED**.

**I.**

Mr. Simpson requests that the court grant leave for his withdrawal in this matter because he and plaintiff cannot effectively communicate or agree on case strategy, and thus, he is unable to provide competent representation to plaintiff in accordance with his ethical responsibilities.

Rule 1.16(b)(6) of the Virginia Rules of Professional Conduct permits a lawyer to withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if "other good cause for withdrawal exists." In this case, Mr. Simpson indicates that he and plaintiff have fundamental problems with communication as well as irreconcilable differences over the proper conduct of the case.  Given the importance of trust and effective communication in an attorney/client relationship, I find that the inability of

plaintiff and his counsel to communicate or agree upon strategy constitutes "good cause for withdrawal."

I further find that withdrawal can be accomplished without material adverse effect on the interests of the plaintiff. When considering a motion to withdraw, the court should take into account the disruptive impact that granting the motion to withdraw would have on the client, his prosecution of the case, and the effective administration of justice. See Clayton v. Dickens, Civ. Action No. 2009 WL 4928057, at *2 (W.D. Va. Dec. 18, 2009)(citing Patterson v. Gemini Org., Ltd., No. 99-1537, 238 F.3d 414 (Table), 2000 WL 1718542 (4th Cir. 2000)(unpublished); Towns v. Morris, No. 93-1295, 50 F.3d 8 (Table), 1995 WL 120687, at *5-6 (4th Cir. 1995)(unpublished)). Given the current posture of this case, I find that the disruptive impact of Mr. Simpson's withdrawal can be minimized with certain amendments to the pre-trial scheduling order. Accordingly, the court's Pretrial Order dated February 20, 2013 (Dkt. No. 8) shall be amended as follows:

1. All discovery in the case shall be stayed for fifteen (15) days from the date of this order;
2. The deadline to complete discovery shall be continued to January 3, 2014;
3. The deadline to file dispositive motions shall be continued to January 10, 2014;
4. The deadline for hearing dispositive motions shall be continued to January 31, 2014;
5. All other deadlines contained in the Pretrial Order dated February 20, 2013 shall remain in effect.

It is **SO ORDERED**.

Enter: October 10, 2013

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge