IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | | |
|---|---|---|
| RALPH L. HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:13CV00008 |
| | ) | |
| LYNCHBURG CITY SCHOOL BOARD, as constituted by, MARY ANN H. BARKER, DR. REGINA T. DOLAN-SEWELL, CHARLIE WHITE, JENNY POORE, J. MARIE WALKER, THOMAS H. WEBB, ALBERT BILLINGSLY, KATIE SNYDOR, and TRENEY TWEEDY, Members of the School Board, | ) ) ) ) ) ) ) ) ) | |
| Defendant. | ) ) | |

## **DEFENDANT'S FIRST MOTION *IN LIMINE***

Defendant, Lynchburg City School Board, by counsel, moves the Court to exclude plaintiff from introducing evidence of any physical maladies allegedly suffered as a result of the events giving rise to this litigation for the reasons set forth below.

1. Plaintiff's Complaint was filed in the U.S. District Court, Western District of Virginia – Lynchburg Division on January 22, 2013, alleging that Plaintiff's that former employer, the Lynchburg City School Board ("School Board") discriminated against him because of his race and retaliated against him for having complained about being racially discriminated against as to the terms and conditions of his employment.

2. Upon information and belief it has become apparent during the course of discovery that plaintiff may offer evidence of respiratory ailments that he contends were brought about due to exposures in the workplace to several and varied potential occupational


Frith
Anderson
& Peake pc
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

hazards. Plaintiff has identified no expert witness support such a connection. Such ailments would not only be irrelevant to the Plaintiff's claims of discrimination, retaliation, and wrongful termination, but also would be barred by the exclusivity provisions of the Virginia Workers' Compensation Act, §65.2-307 of the Code of Virginia.

3. Upon information and belief it is anticipated that Plaintiff may attempt to offer evidence of sexual dysfunction, damage to health, and/or impotence as a result of the events giving rise to this litigation.

4. Plaintiff failed to identify as required by the Pre-Trial Order (Document 8, ¶19) any expert witness who will testify as to the causal relationship of any sexual dysfunction, damage to health, and/or impotence, or to provide any report from an expert in accordance with the requirements of Rule 26(a)(2)(B).

Wherefore, Lynchburg City School Board requests that this Court grant its First Motion *in Limine*, and for such other relief as the Court deems appropriate.

LYNCHBURG CITY SCHOOL BOARD

/s/ John C. Johnson
John C. Johnson
Virginia State Bar No.: 33133
Counsel for Lynchburg City School Board
FRITH ANDERSON & PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax: 540/772-9167
Email: jjohnson@faplawfirm.com

## **CERTIFICATE OF SERVICE**

I certify that on the 19th day of February, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and e-mailed a true copy of the same to the following non-CM/ECF participants:

    Ralph L. Hayes
    1107 Ashburn Drive
    Forest, Virginia 24551

    /s/ John C. Johnson
    John C. Johnson
    Virginia State Bar No.: 33133
    Counsel for Lynchburg City School Board
    FRITH ANDERSON & PEAKE, P.C.
    29 Franklin Road, SW
    P.O. Box 1240
    Roanoke, Virginia 24006-1240
    Phone: 540/772-4600
    Fax: 540/772-9167
    Email: jjohnson@faplawfirm.com


FRITH
ANDERSON
& PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA